**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL KANTOR, On Behalf of Himself and All Others Similarly Situated** | : | **CIVIL ACTION** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **HIKO ENERGY, LLC** | : | **NO. 14-5585** |

## MEMORANDUM OPINION

**Savage, J.**                                                                                          **August 13, 2015**

Pursuant to 28 U.S.C. § 1404(a), the defendant Hiko Energy, LLC ("Hiko") has moved to transfer this putative class action brought on behalf of Pennsylvania consumers who switched from their electric providers to Hiko. Hiko contends that this action should be litigated in the United States District Court for the Southern District of New York where there are putative class actions pending by plaintiffs from multiple states having similar claims against it. After carefully weighing all relevant factors, including the public and private interests, we conclude that this action should not be transferred.

## Background[1]

Hiko, a limited liability company based in Monsey, New York, is an electricity supplier licensed to do business in Pennsylvania.[2] In 2012 and 2013, Kantor received several solicitations from Hiko at his home in Pennsylvania, stating that customers who

---

[1] A more detailed recitation of the factual allegations and the asserted causes of action may be found in *Kantor v. Hiko Energy, LLC*, No. 14-5585, 2015 WL 1650049 (E.D. Pa. Apr. 14, 2015). At this time, we state only those facts relevant to the motion to transfer venue.

[2] Compl. ¶ 8; Def.'s Motion to Transfer Venue to the Southern District of New York ("Mot. to Transfer") (Doc. No. 36) Ex. A (Declaration of Harvey Klein In Support of Defendant's Motion to Transfer Venue to the Southern District of New York at ¶ 4) ("Klein Decl.") (Doc. No. 36-2).

switched from their local utility companies to Hiko would save money on their electricity bills. Kantor became a Hiko customer in March of 2013.[3] Until February of 2014, Kantor's Hiko rate was competitive with the PECO rate. However, in February of 2014, the Hiko rate nearly tripled.[4] After three months of paying the higher than promised rates, Kantor switched back to PECO.[5]

## Class Actions Against Hiko

Kantor's class action is not the only one brought against Hiko for allegedly deceptive practices. Three other class actions have been filed on behalf of customers in Connecticut, Illinois, Maryland, New Jersey, New York, Ohio and Pennsylvania.[6] Those cases are pending in the Southern District of New York.

In *Chen v. Hiko Energy, LLC*, No. 14-1771 (S.D.N.Y. Mar. 14, 2014), Chen, a New Jersey plaintiff, on behalf of himself and a putative class of New Jersey and New York plaintiffs, alleges that Hiko engaged in deceptive pricing practices.[7] Chen avers that Hiko's practice of baiting and switching customers from local providers and then charging them a substantially higher rate for energy services than promised violated N.Y. General Business Law § 349 (Count I);[8] violated N.Y. General Business Law

---

[3] Compl. ¶ 20.

[4] Compl. ¶ 21.

[5] Compl. ¶ 21.

[6] *See* Compl. ¶¶ 3, 25, *Bogdanski v. Hiko Energy, LLC*, No. 14-1948 (M.D. Pa. Oct. 7, 2014) ("Bogdanski Compl.").

[7] On April 8, 2014, Chen amended his complaint, alleging that his suit was brought on behalf of a putative class consisting of New York and New Jersey citizens. Am. Compl. ¶ 4, *Chen v. Hiko Energy, LLC*, No. 14-1771 (S.D.N.Y. Apr. 8, 2014).

[8] N.Y. General Business Law § 349 provides that "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

§ 349-d (Count II);[9] breached its contract with its customers, including Chen (Count III); and resulted in unjust enrichment (Count IV).[10]

Ten days later, a similar putative class action, *Sasso v. Hiko Energy, LLC*, No. 14-02042 (S.D.N.Y. Mar. 24, 2014), was filed on behalf of a putative class of New Jersey and New York consumers. Invoking New York law, Sasso accuses Hiko of the same conduct alleged in the *Chen* matter and asserts identical causes of action to those in the *Chen* complaint.[11]

The third action, *Bogdanski v. Hiko Energy, LLC*, No. 14-1948 (M.D. Pa. Oct. 7, 2014), was brought on behalf of a putative class of plaintiffs from Connecticut, Illinois, Maryland, New Jersey, New York, Ohio and Pennsylvania. The complaint alleges the same deceptive marketing practices as alleged in the other cases. It includes a cause of action under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL")[12] (Count I); breach of contract (Count II); breach of the implied covenant of good faith and fair dealing (Count III); fraudulent conduct (Count IV); negligent misrepresentation (Count V); and unjust enrichment (Count VI).[13]

---

[9] N.Y. General Business Law § 349-d provides that "[n]o person who sells or offers for sale any energy services . . . shall engage in any deceptive acts or practices in the marketing of energy services."

[10] Compl., *Chen v. Hiko Enegery, LLC*, No. 14-1771 (S.D.N.Y. Mar. 14, 2014) ("Chen Compl.").

[11] *Compare* Chen Compl. *with* Compl., *Sasso v. Hiko Energy, LLC*, No. 14-02042 (S.D.N.Y. Mar. 24, 2014). On April 7, 2014, Sasso amended his complaint, adding a cause of action for an injunction or declaratory relief. *See* Am. Compl. at 13, *Sasso v. Hiko Energy, LLC*, No. 14-02042 (S.D.N.Y. Apr. 7, 2014).

[12] 73 Pa. Stat. Ann. § 201-1 *et seq.*

[13] Bogdanski Compl.

On August 8, 2014, the *Chen* and *Sasso* actions were consolidated for pretrial purposes, including discovery, pursuant to Federal Rule of Civil Procedure 42(a).[14] On March 13, 2015, pursuant to a stipulation, the *Bogdanski* action was transferred from the Middle District of Pennsylvania to the Southern District of New York, where the two prior class actions against Hiko had been filed and were pending.[15] On June 1, 2015, the *Chen*, *Sasso* and *Bogdanski* actions were consolidated under *Chen, et al. v. Hiko Energy, LLC*, No. 14-1771 (S.D.N.Y.) ("New York actions").[16]

On September 29, 2014, after the *Chen* and *Sasso* cases had been filed and before the *Bogdanski* case was filed, Kantor, on behalf of himself and a class of similarly situated Pennsylvania consumers, filed a class action complaint asserting three causes of action grounded on Pennsylvania law. Kantor averred that Hiko violated the Pennsylvania UTPCPL by misrepresenting that its energy rates would be based on market factors and result in savings to customers (Count I); breached its contract and the implied covenant of good faith and fair dealing by failing to charge a reasonable rate as promised (Count II); and, alternatively, that Hiko was unjustly enriched by charging "exorbitant rates" (Count III).[17]

On February 2, 2015, Hiko moved to dismiss the complaint in its entirety, strike the class allegations, and alternatively, to stay the action in light of an administrative

---

[14] Consolidation Order, *Chen v. Hiko Energy LLC*, No. 14-1771 (S.D.N.Y. Aug. 8, 2014) (Doc. No. 30).

[15] Transfer Order, *Bogdanski v. Hiko Energy LLC*, No. 14-1948 (M.D. Pa. Mar. 13, 2015) (Doc. No. 22).

[16] Consolidation Order, *Chen et al. v. Hiko Energy, LLC*, No. 14-1771 (S.D.N.Y. June 1, 2015) (Doc. No. 50).

[17] Compl.

proceeding pending before the Pennsylvania Public Utility Commission ("PUC").[18] After oral argument, we denied Hiko's motion to dismiss or to stay the action on April 14, 2015.[19]

Now, two and a half months later, Hiko has moved to transfer this action to the United States District Court for the Southern District of New York.[20] It contends that transfer is appropriate because Kantor's claims arise out of the same marketing practices of Hiko and are substantially similar to those pending in that district. It argues that transfer is "in the interest of fair, efficient, and economical administration of justice[.]"[21]

### Transfer Pursuant to 28 U.S.C. § 1404(a)

A defendant moving for transfer of venue must show that: (1) the case could have been brought initially in the proposed transferee forum; (2) the proposed transfer will be more convenient for the parties and witnesses; and (3) the proposed transfer will be in the interest of justice. 28 U.S.C. § 1404(a); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). Once the defendant establishes that the action could have been brought in the proposed district, the court must weigh several private and public interest factors to determine whether the balance tips in favor of or against transfer. *Jumara,* 55 F.3d at 879-80.

---

[18] Def.'s Mot. to Dismiss (Doc. No. 19).

[19] Order (Doc. No. 29); *Kantor v. Hiko Energy, LLC*, No. 14-5585, 2015 WL 1650049 (E.D. Pa. Apr. 14, 2015).

[20] Def.'s Mot. to Transfer.

[21] Def.'s Mot. to Transfer at 3.

It is undisputed that this action could have been brought in the Southern District of New York.  Hiko is a New York company with its principal place of business in Monsey, a town in Rockland County, New York, in the Southern District of New York.[22] *See* 28 U.S.C. § 1391(b)(3) (stating that a civil action can be brought in "a judicial district in which any defendant is subject to the court's personal jurisdiction . . . .").  Thus, we turn to an analysis of the relevant public and private interests.  *Shutte*, 431 F.2d at 24-25.

Among the factors considered when determining whether transfer is more convenient for the parties and in the interest of justice are: (1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) the place where the claim arose; (4) the relative ease of access to the sources of proof; (5) the convenience of the parties as demonstrated by relative financial status and physical location; (6) the availability of compulsory process for the attendance of witnesses; (7) the convenience of the witnesses; (8) the practical problems that make trial of a case expensive and inefficient; and (9) public interest factors, such as congestion of court dockets and the relationship of the jury and the community.  *Jumara*, 55 F.3d at 879-80.  Depending on the nature and the facts of the case, these factors overlap and are intertwined.

Because the analysis is "flexible and individualized," the district court has broad discretion in deciding a motion for transfer of venue.  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).  A motion seeking transfer should not be granted without a careful weighing of factors favoring and disfavoring transfer.  *See Shutte*, 431 F.2d at 24-25.

---

[22] *See* Klein Decl. at ¶ 6; http://www.nysd.uscourts.gov (stating that the Southern District of New York is comprised, *inter alia*, of Rockland County).

*Plaintiff's Choice of Forum*

The plaintiff's choice of forum is typically accorded "paramount consideration." *Shutte*, 431 F.2d at 25; *see also Jumara*, 55 F.3d at 879 (observing that plaintiff's choice of venue "should not be lightly disturbed") (citation omitted). Yet, it is not dispositive. Other considerations may neutralize or minimize the weight given to the plaintiff's forum choice.

Where the plaintiff does not reside in the forum and the cause of action arose in another forum, his selection is not given as much weight as when he resides in the selected forum where the cause of action arose. *Synthes, Inc. v. Knapp*, 978 F. Supp. 2d 450, 459 (E.D. Pa. 2013); *Akins v. Radiator Specialty Co.*, No. 05-0758, 2005 WL 2972984, at *2 (E.D. Pa. Nov. 3, 2005). Where the plaintiff files an action in one forum and then files a similar action in another forum, the selection of the forum in the second action is not given the typical deference. *Galonsky v. Adamar of New Jersey, Inc.*, No. 07-1469, 2007 WL 2234569, at *2 (E.D. Pa. Aug. 1, 2007) ("By actively choosing two separate forums, Plaintiff has demonstrated to the Court that she is willing to litigate in either . . . . Thus, the Court will not consider Plaintiff's choice of forum in its decision."). In some cases, other *Jumara* factors may so strongly favor transfer as to mitigate the plaintiff's preference. *See, e.g., Grohoski v. Wyndham Int'l*, No. 04-3949, 2005 WL 475175, at *2 (E.D. Pa. Mar. 1, 2005).

Where a related action is pending in another forum, the plaintiff's choice may be entitled to less deference. *See QVC, Inc. v. Patiomats.com, LLC*, No. 12-3168, 2012 WL 3155471, at *4 (E.D. Pa. Aug. 3, 2012). However, merely because the same

conduct is alleged in the actions in different fora does not mean they must be consolidated and the plaintiff's case removed from his preferred forum.

Where the action is likely to be consolidated with another action in the transferee district, the goal of avoiding inconsistent results may trump the plaintiff's preference. *QVC*, 2012 WL 3155471, at *5. Nevertheless, this concern may be offset or minimized where the two actions are based on different states' laws.

The claims in the other three cases are similar to Kantor's claims, including Hiko's alleged deceptive pricing practices, misrepresentations about its rates and breach of contract. But, the applicable law is not the same. The New York actions brought on behalf of New York and New Jersey consumers, are based on New York law. Where the actions are based upon different states' laws, the plaintiff's preference to try the case in the forum where that state's law is regularly applied reinforces his choice. *See Landmark Fin. Corp. v. Fresenius Med. Care Holdings, Inc.*, No. 09-3689, 2010 WL 715454, at *3 (D.N.J. Mar. 1, 2015) (explaining that where an action is governed by state law, the case should be tried in the federal court most familiar with the governing law).

Kantor and the putative class members reside in Pennsylvania and Hiko's conduct forming the bases of Kantor's causes of action occurred in Pennsylvania. These circumstances favor Kantor's choice of forum. That there are cases sharing some elements pending in another forum does not outweigh his choice.

*Defendant's Preferred Forum*

Hiko prefers to litigate this case in the Southern District of New York where there are consolidated actions pending against it and where its principal place of business is located. Thus, this factor, standing alone, weighs in favor of transfer.

*Place Where the Claim Arose*

Where the claim arose implicates other factors in the analysis. It involves questions of access to proof, choice of law, convenience of the parties and the witnesses, availability of witnesses and efficiency. Hence, determining the place where the claim occurred will inform the evaluation of these other factors.

Notwithstanding Hiko's argument to the contrary, the claims arose in Pennsylvania, not in New York. Although key decisions concerning price and marketing may have been made at Hiko's headquarters in New York, the alleged conduct and harm giving rise to Kantor's claims occurred in Pennsylvania. Kantor and the putative class members were solicited to switch energy service to Hiko in Pennsylvania. They received electricity service in Pennsylvania. The energy services provided by Hiko were regulated by Pennsylvania law. Hence, this factor weighs against transfer.

*Relative Ease of Access to Sources of Proof and Relative Financial Position*

Hiko contends that its witnesses and the "majority" of its business records are located in New York.[23] This is not a significant concern. Hiko can review and assemble its records in its New York business office. Once having completed that process, it can produce them electronically without leaving New York. Hiko has already produced documentary evidence in the PUC proceeding and in discovery in the New York actions. It can simply duplicate and transmit those documents to counsel in Pennsylvania.

---

[23] Klein Decl. at ¶ 6.

Hiko's witnesses live and work in the New York area. Kantor's witnesses, including those employed by the Pennsylvania PUC and the Pennsylvania Attorney General who investigated Hiko's marketing practices are located in or near this district. Kantor's counsel is willing to travel to New York to depose Hiko's witnesses, eliminating any pre-trial inconvenience.

To attend trial in this district, Hiko's witnesses would have to travel to Philadelphia. On the other hand, Kantor's witnesses, including the third-party regulatory witnesses, would have to travel to New York to appear at trial if this case is transferred. Hiko's witnesses are employed by it. Kantor's witnesses are not employed by any party in this action. Hiko can compensate its employees for attending trial as part of their employment.

There is no dispute that Kantor, a private individual, is not in the same financial position as Hiko, a corporation. Hiko is in a much stronger position than Kantor to absorb the costs of litigating this case. Hiko has been litigating in Pennsylvania before the PUC and in this action. If this action were transferred, it would impose a greater expenditure of time and costs for Kantor and his attorneys. His case would be one of four. His attorneys would have to participate in lengthier depositions and a longer trial.

The sources of proof are located in New York and Pennsylvania. Considering the relative ease of access to the evidence and witnesses in light of the parties' relative financial positions, transfer is not favored.

*Availability of Compulsory Process*

Neither party addresses the availability of compulsory process. Indeed, there is no reason to believe that any witness will not be available to testify. This factor is neutral.

*Public Interest Factors*

At its core, this is a Pennsylvania action. It involves a Pennsylvania plaintiff and a putative class of Pennsylvania residents. The claims are based solely on Pennsylvania law. The conduct giving rise to the complaint occurred in Pennsylvania.

Pennsylvania has a strong interest in adjudicating this action brought by and on behalf of its citizens. The putative class is comprised of Pennsylvania consumers. The PUC and the Pennsylvania Attorney General have pursued an action against Hiko based on essentially the same conduct that is alleged in Kantor's complaint.

Pennsylvania's interest in protecting its citizens from unfair trade practices is exemplified by its enactment of the UTPCPL. The UTPCPL provides for private causes of action. *See, e.g., Fazio v. Guardian Life Ins. Co. of America*, 62 A.3d 396, 410 (Pa. Super. 2012) (stating that the UTPCPL is a unique statutory remedy implemented to protect consumers from unscrupulous business practices). Kantor's action is one contemplated by the UTPCPL.

Hiko argues that practical considerations in making litigation easy, expeditious and inexpensive heavily favor transfer. It contends that transfer and consolidation would save considerable time and judicial resources by preventing it from responding to duplicative discovery requests and guard against inconsistent results. We do not agree.

Because Hiko has already prepared responses to the discovery requests in the New York actions, which it acknowledges are similar to those requests in this action, it

11

will not expend a significant amount of additional time and energy responding to Kantor's requests. Hiko claims that because the New York actions are more procedurally advanced and the judge in New York has become familiar with the facts and legal issues, this action should be transferred. However, after *Bogdanski* was consolidated with the *Chen* and *Sasso* matters, the deadline for fact discovery in the New York actions was extended to November 6, 2015.[24] The fact discovery deadline here is August 28, 2015.[25] Briefing on the motion for class certification will be completed by November 20, 2015 in the New York actions and by November 23, 2015 in Kantor's action.[26]

Kantor's action will proceed on pace with the New York actions. Further, having presided over this action for over ten months, we are familiar with the facts and the legal issues, which implicate only Pennsylvania law.

Proceeding in this district will not adversely impact the court's docket. As of December 31, 2014, there were 8,854 civil cases pending in this district and 13,987 civil cases pending in the Southern District of New York.[27] The relative caseloads of the two courts tip the scale against transfer.

---

[24] *See* Scheduling Order ¶ 5, *Chen, et al v. Hiko Energy, LLC*, No. 14-1771 (S.D.N.Y. June 15, 2015) (Doc. No. 52-1) ("Chen Scheduling Order").

[25] *See* Scheduling Order ¶ 2 (Doc. No. 34).

[26] Chen Scheduling Order ¶ 6; Scheduling Order ¶ 5.

[27] *See* Table C-1 (U.S. District Courts—Civil Cases Commenced, Terminated, and Pending), *available at*: http://www.uscourts.gov/statistics-reports/statistical-tables-federal-judiciary-december-2014.

**Conclusion**

After balancing the competing public and private interests, the scale tips against transfer of this action.  Therefore, we shall deny Hiko's motion to transfer venue to the Southern District of New York.